## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Pencille, #312332, | ) | C/A No.: 1:09-1862-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gregory Pencille is an inmate at the South Carolina Department of Corrections serving a twelve-year sentence of imprisonment for kidnapping. Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for and Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #16, #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #18]. Petitioner filed a response in opposition to Respondent's motion. [Entry #20]. Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion for summary judgment should be granted.

I.      Factual and Procedural Background

On March 19, 2005, Petitioner, although male, entered the ladies restroom of the Landmark Resort Hotel in Myrtle Beach, South Carolina. Subsequently, a seven-year-old girl from Canada who was in the area on vacation with her parents, went into the restroom. Petitioner was in one of the bathroom stalls, grabbed the girl into a stall, and placed his hand over her mouth to keep her from screaming. The girl later told authorities Petitioner touched her in a sexually inappropriate manner. The girl cried out for her father, who came into the bathroom and rescued her. The father attempted to attack Petitioner, who fled from the hotel and ran down the street where he was tackled by an employee of the hotel. *See* App. 8–9, 50–51, 61–63, 154–160.

Petitioner was indicted by the Horry County grand jury on June 23, 2005 on kidnapping (S.C. Code Ann. § 16-3-910). App. 168–69. According to the transcript of the post-conviction relief ("PCR") proceeding, Petitioner was also indicted for lewd act on a minor and criminal sexual conduct. App. 78:10–16. Petitioner retained Russell B. Long, Esq. to represent him on the charges.

On November 7, 2005, Petitioner pleaded guilty to kidnapping pursuant to a negotiated plea and sentence with the State. The Honorable Steven H. John sentenced Petitioner to twelve years confinement, with sex offender registry required. App. 15:18–23. Petitioner did not appeal his conviction or sentence in the case.

Petitioner filed an application for PCR (2006-CP-26-3175) on June 26, 2006, asserting the following grounds: (1) ineffective assistance of counsel; (2) involuntary

guilty plea; (3) cruel and unusual punishment; and (4) failure to advise of his right to a direct appeal. An evidentiary hearing was held on October 9, 2007, at which Petitioner was present and represented by Tommy A. Thomas, Esq., and Tricia A. Blanchette, Esq. The PCR court filed an order of dismissal denying PCR on March 13, 2008. Petitioner's Rule 59(e) motion was denied on June 19, 2008.

Petitioner filed a petition for writ of certiorari on the denial of PCR, raising the following as the sole ground:

> The PCR court erred in dismissing petitioner's claim that he did not voluntarily and intelligently waive his right to a direct appeal in the case when counsel advised that there was no reason to appeal and where the plea judge advised him of the right to appeal his case.

On April 22, 2009, the South Carolina Supreme Court denied the petition for writ of certiorari. The Remittitur was issued on May 8, 2009.

II. Discussion

A. Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

Ground One:     Conviction obtained by plea of guilty which was unlawfully induced, and not made voluntarily with understanding of the nature of the charge, and the consequence of the plea.

Ground Two:     Conviction obtained by use of coerced confession(s).

Ground Three:     Conviction obtained by a violation of the privilege against self-incrimination.

Ground Four:     Denied effective assistance of counsel.

Ground Five:        Denial of right to appeal.

B.        Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

     C.     Habeas Corpus Standard of Review

     1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual

determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a

motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

> b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[2] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue

---

[1] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[2] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*,

477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state

procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

      D.     Analysis

          1.     Procedurally-Barred Grounds

As an initial matter, Respondent contends that all of the Petitioner's grounds except Ground Five are procedurally-barred to the extent that they were not raised in Petitioner's PCR appeal. The undersigned agrees. Petitioner did not file a direct appeal. In his PCR application, Petitioner only raised Ground Five.

Grounds One, Two, Three, and Four raise complaints of involuntary guilty plea, ineffective assistance of counsel, and conviction by use of coerced confession(s) and in violation of the privilege against self-incrimination. Each of these claims was available and either was or could have been presented at the PCR proceeding. However, Petitioner abandoned a challenge to each one of these claims by not objecting at his guilty plea, not filing a direct appeal, and not raising these issues on appeal from the denial of his PCR application. Therefore, to the extent that these issues were not raised in his PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is

not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright v. Sykes,* 433 U.S. at 88–91; *Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a guilty plea in which he raised no objection, had the opportunity to file a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The relevant portion of the guilty plea transcript follows:

The Court:    You understand this matter comes before the court by way of a negotiated sentence; it's been negotiated among yourself, your attorney and the State; you understand that?
Petitioner:   Yes sir.
The Court:    And that to be for a sentence of twelve years; you understand that?

| | |
|---|---|
| Petitioner: | Yes sir. |
| The Court: | You understand that if I do not believe that is an appropriate sentence I would allow you to withdraw your plea, but you understand, I don't have to follow those negotiations; I don't have to give you that sentence; you understand that? |
| Petitioner: | Yes sir. |
| The Court: | Knowing these matters, you want to go forward with your guilty plea? |
| Petitioner: | No sir. |
| Mr. Long: | He's asking you if you want to go forward with your guilty plea. |
| Petitioner: | Yes sir. |
| The Court: | Are you currently under the influence of any drugs or intoxicants of any kind, or have them in your system? |
| Petitioner: | No sir. |
| | . . . |
| The Court: | You come before the Court, and you are tendering your plea of guilty to the charge of kidnapping. Are you doing so freely and voluntarily? |
| Petitioner: | Yes sir. |
| The Court: | Of your own free will and accord? |
| Petitioner: | Yes sir. |
| The Court: | Are you pleading guilty because you are guilty? |
| Petitioner: | No sir. |
| The Court: | All right, sir. Did you understand my question? |
| Mr. Long: | You Honor, if I—if he and I might— |
| The Court: | Yes sir. |
| (Mr. Long speaks with his client off the record.) | |
| The Court: | All right, Mr. Pencille, you have had an opportunity to speak to your attorney. My question to you is, you have been charged—and I'll go straight to the indictment. You have been charged in the indictment, a true bill having been rendered in this matter, that Gregory T. Pencille did, in Horry County, on or about March 19th, 2005, unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away one ⬛⬛⬛⬛⬛, without authority of law, in violation of the Code of Laws of the State of South Carolina, 1976 as amended. Are you guilty, sir, of the offense of kidnapping? |
| Petitioner: | Yes sir. |
| The Court: | Any question or doubt in your mind about that? |
| Petitioner: | No sir. |
| The Court: | Did anybody promise you anything, threaten you, force you, coerce you in any way to get you to plead guilty? |
| Petitioner: | No sir. |

|            |                                                                                                                                                                                                                 |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | . . .                                                                                                                                                                                                           |
| The Court: | ... All right, Mr. Pencille, you have heard previously—I read to you the facts in the indictment, and the Solicitor has read those facts to you, the facts that are in the indictment. My question to you is, are those facts, as set forth in the indictment, true and correct? |
| Petitioner: | Yes sir.                                                                                                                                                                                                       |
| The Court: | And you understood when you engaged in that kind of activity you were committing a crime; you understood that?                                                                                                  |
| Petitioner: | Yes sir.                                                                                                                                                                                                       |
| The Court: | Have you understood my questions here today?                                                                                                                                                                    |
| Petitioner: | Yes sir.                                                                                                                                                                                                       |
| The Court: | Have all your answers been the truth?                                                                                                                                                                           |
| Petitioner: | Yes sir.                                                                                                                                                                                                       |
| The Court: | Anybody tell you how to answer my questions?                                                                                                                                                                    |
| Petitioner: | No sir.                                                                                                                                                                                                         |
| The Court: | You understand you have the right to appeal your guilty plea within ten days?                                                                                                                                   |
| Petitioner: | Yes sir.                                                                                                                                                                                                       |
| The Court: | I find there has been a substantial factual basis for the plea; find the Defendant's decision to plead guilty has been done freely, voluntarily, knowingly and intelligently made; he's had the advice of competent counsel with whom he's satisfied . . .. |

App. 4:1–24; 6:2–7:9; 9:22–10:22.

The foregoing excerpt from the guilty plea colloquy reflects that Petitioner admitted he committed the crime of kidnapping, admitted the facts as recited by the Solicitor, and voluntarily entered his plea of guilty to kidnapping. At the guilty plea hearing, Petitioner subsequently apologized to the victim's family. App. 14:17–20.

In light of all of the foregoing, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply as to Grounds One, Two, Three, and Four.

2.    Ground Five

With respect to Ground Five, in which Petitioner asserts the PCR court allegedly erred in finding that he did not voluntarily and intelligently waive his right to a direct appeal, Petitioner has properly preserved this claim for federal habeas review, and it is addressed on its merits.

The right to effective assistance of counsel extends to direct appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987).   When allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).   The *Strickland* standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Frazier v. South Carolina*, 430 F.3d 696, 704–05 (4th Cir. 2005).   "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective, and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) (*citing Flores-Ortega*, 528 U.S. at 477–83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. *Flores-Ortega*, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether

counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at

478.

In *Frazer v. South Carolina*, 430 F.3d 696 (4th Cir. 2005), the Fourth Circuit

discussed *Flores-Ortega* and set forth the following:

> If counsel fails to consult, the defendant may demonstrate prejudice by
> showing that a rational defendant would want to appeal. The defendant may
> do this by demonstrating either that (a) there were non-frivolous issues for
> appeal, or (b) he had adequately indicated his interest in appealing. The
> mere presence of non-frivolous issues to appeal is generally sufficient to
> satisfy the defendant's burden to show prejudice. Attempting to
> demonstrate prejudice based on a reasonably obvious interest in pursuing an
> appeal, however, necessitates an additional showing that, had the defendant
> received reasonable advice from counsel about the appeal, he would have
> instructed counsel to file an appeal.

*Frazer v. South Carolina*, 430 F.3d at 708–09 (internal citations, emphasis, and quotation

marks omitted).

*Frazer* was decided after Petitioner pleaded guilty and his right to appeal had

expired. Some cases have categorically held that prior to *Frazer*, absent special

circumstances, counsel had no duty to inform a defendant of his right to appeal. *Carey v.

Leverette*, 605 F.2d 745 (4th Cir. 1979). However, the undersigned recommends a

finding that the *Frazer* analysis applies here.[3]

---

[3]Although Petitioner pleaded guilty well prior to the 2005 *Frazer* decision, the
state court rendered its decision denying his PCR application his March 2008, well after
*Frazer*. The *Frazer* court noted that the date the law must have been "clearly established
by the Supreme Court of the United States" for purposes of 28 U.S.C. § 2254(d)(1)
review is the date the PCR court's decision was rendered. *Frazer*, 430 F.3d at 707 n.7
("[T]he PCR court's decision is the relevant state-court decision for purposes of 28
U.S.C. § 2254(d).") The *Frazer* analysis should be applied.

In *Frazer*, the Fourth Circuit expressly considered whether *Flores-Ortega* had announced a "new rule" that would not be applied retroactively in a collateral proceeding based on *Teague v. Lane*, 489 U.S. 288 (1989). As explained in *Frazer*, *Teague* provides that, subject to a few exceptions not applicable here, "a state prisoner attacking his conviction may not rely on a new constitutional rule announced after his conviction became final." *Frazer*, 430 F.3d at 704 (*citing Teague*, 489 U.S. at 310–11). However, the Fourth Circuit in *Frazer* found that the *Flores-Ortega* rule is not a new rule, but a clarification of the rule in *Strickland*. 430 F.3d at 704–05. *See also Bostick v. Stevenson*, 589 F.3d 160, 162, 167 (4th Cir. 2009) (applying the *Frazer* analysis in finding petitioner had not been adequately advised of appellate rights when he was convicted in 2001, four years before *Frazer* was decided).

Petitioner raised this issue in his appeal from the dismissal of his PCR, in which Petitioner had the burden of proving the allegations in his petition. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985). The PCR court rejected the claim, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. *See Pencille v. South Carolina*, No. 06-CP-26-3175.

Specifically, the PCR judge found that: 1) Petitioner's testimony was "mostly credible on the factual issues;" 2) trial counsel's testimony was "highly credible;" 3) absent extraordinary circumstances, there is no constitutional requirement that counsel advise a defendant about his right to appeal from a guilty plea; 3) the plea court advised Petitioner of his right to appeal the guilty plea within ten days; 4) Petitioner

acknowledged his understanding of his right to appeal; 5) there was no reason to have appealed from the negotiated sentence, particularly where no error was preserved for review; and 5) Petitioner failed to show ineffective assistance of counsel. App. 159–62.

Trial counsel's testimony revealed that Petitioner was facing thirty years on the kidnapping charge alone, that the Solicitor had offered fifteen years, and trial counsel negotiated down to twelve years. Trial counsel testified that he told him that in light of the facts involving a little girl, that it was entirely his decision whether to go to trial or plead guilty.   Trial counsel stated that he could not imagine advising someone to appeal a negotiated sentence when they had talked about it for hours beforehand. App. 65.   Trial counsel also stated that Petitioner did not ask him to appeal it.   *Id.*   Petitioner also admits that he did not ask his trial counsel to appeal within the time for appeal, but that, after researching in the prison's law library, he claims that he would have appealed. App. 101.

Substantial deference is to be given to the state court's findings of fact.   *Evans v. Smith*, 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence.); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (*en banc*).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §

2254(e)(1); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000); *Frye v. Lee*, 235 F.3d 897, 900 (4th Cir. 2000).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), when the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. at 698; *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (*citing Clozza v. Murray*, 913 F.2d 1092, 1100 (4th Cir. 1990)). Nevertheless, because Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, the court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000). *See Bell v. Jarvis*, 236 F.3d at 163; *see also Evans*, 220 F.3d at 312 (citing § 2254(d)(1) and (2) and noting that federal habeas relief will be granted "with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]'"). Therefore, this court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

In *Strickland*, the Supreme Court articulated a two-prong test to use in determining whether counsel was constitutionally ineffective. *See Strickland*, 466 U.S. at 687. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice, a defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Mazzell*, 88 F.3d at 269 (applying *Strickland*).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (noting petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus).

The court's review of the record reveals that the PCR court did not apply the *Frazer* analysis in not finding that counsel had a duty to consult with Petitioner regarding whether to appeal (as opposed to a duty to inform Petitioner of his right to appeal).

The court must assess whether Petitioner independently decided to appeal and told counsel of his decision. *Frazer*, 430 F.3d at 707. The record reflects he did not. However, the court's review of the circumstances in Petitioner's case demonstrates that consultation was not necessary. *Frazer*, 430 F.3d at 707 & n.9. Specifically, the court

finds that counsel was "relieved of a duty to consult by circumstance," as in the following

examples noted in *Flores-Ortega:*

> Flores-Ortega notes that where a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is professionally unreasonable, as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.

528 U.S. at 479–80 (internal quotations and citations omitted) (as quoted in *Frazer*, 430

F.3d at 707, n.9).

Consideration of Petitioner's circumstances reveals that counsel's duty to consult

falls within the two foregoing exceptions. The record reveals that Petitioner consulted

with counsel; counsel advised him that a guilty plea probably will lead to a twelve-year

sentence; Petitioner admitted during his PCR testimony that he accepted the guilty plea

and signed a written plea agreement with the terms of the plea including his sentence of

twelve years and registry under the sex offender statute. App. 45, 85–86. The court

sentenced Petitioner to 12 years' imprisonment as expected and informed him of his

appeal rights. The record reflects no objection raised at Petitioner's guilty plea, and no

issue preserved for appeal. At the PCR hearing, counsel testified that Petitioner did not

request a direct appeal (App. 70:11–13) and Petitioner admitted he did not ask his attorney to file an appeal (App. 101:10–11). The PCR court had the opportunity to observe and evaluate the witnesses during this testimony, and found counsel's testimony to be credible. The PCR court found that there was no ineffective assistance of counsel.

Alternatively, the sentencing court's instructions to Petitioner about his appeal rights was clear and informative as to substitute for counsel's duty to consult. Judge John advised Petitioner of his right to appeal the guilty plea within ten days, and Petitioner acknowledged his understanding. Under these circumstances, the court cannot conclude that counsel was professionally unreasonable, as a constitutional matter, in not consulting with Petitioner regarding an appeal.

Even if Petitioner could show that his counsel's duty to consult were not excused under the circumstances, Petitioner must still demonstrate that he was prejudiced. Petitioner "may demonstrate prejudice by showing that a rational defendant would want to appeal." *Frazer*, 430 F.3d at 708. "The defendant may do this by demonstrating either that a) there were non-frivolous issues for appeal, or b) he had adequately indicated his *interest* in appealing." *Id.* (emphasis in original).

Petitioner faced thirty years on the kidnapping charge and additional time on the lewd act on a minor charge. All of these charges were resolved by Petitioner's plea to twelve years on the kidnapping charge. If Petitioner had appealed, it is possible that the appeal could have resulted in reversal and retrial on all charges, facing significantly more time. The court finds that Petitioner has failed to show prejudice, especially because, as

the PCR court noted, there was no reason to appeal from a sentence for which he

negotiated and received (App. 1–16), particularly when no error was preserved for review

and he has provided no evidence of a non-frivolous issue for appeal from his guilty plea.

III.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for

summary judgment [Entry #16] be granted.

IT IS SO RECOMMENDED.

August 4, 2010                                              Shiva V. Hodges
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**