IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Pencille, | )<br>) |
| Petitioner, | ) Case No. 1:09-cv-1862-RMG-SVH<br>) |
| v. | ) **ORDER**<br>) |
| Warden Lee Correctional Institution, | )<br>) |
| Respondent. | )<br>) |

This matter is before the court upon the magistrate judge's recommendation on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). No objections have been filed to the magistrate's report. Instead, Petitioner has asked this Court to dismiss, without prejudice, the grounds on which the Magistrate found he had abandoned by not objecting at his guilty plea and hold this matter in abeyance while Petitioner attempts to return to "the state court process" in order "give the lower court adequate opportunity to review said issues that was [sic] allegedly not adequately raised . . . ." (Dkt. No. 33). Even if Petitioner's request to stay this mater could be construed as objections, the law is clear, to the extent that these issues were not raised in his PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-

barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, (1991) (stating that if an issue not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Thus, this Court is without power to review four of the grounds Petitioner attempted to raise. As to the fifth ground, Petitioner argues that the PCR court erred in finding that he waived his right to direct appeal. Petitioner consulted with client regarding the decision to plead guilty and signed the terms of the plea agreement which included the twelve year sentence and registry under the sex offender statute. Further, the trial court instructed Petitioner about his right to appeal the guilty plea within ten days. Thus, no court could conclude counsel was ineffective for not consulting with Petitioner regarding an appeal. Even if Petitioner could have demonstrated that counsel did not perform his duties, Petitioner cannot establish that he was prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (stating that in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).

Absent a timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Wells v. Shriner's Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Petitioner did not file any specific, written objections, the Court need not conduct a *de novo* review of any portion of the report and recommendation. Accordingly, the Court hereby adopts the Magistrate Judge's R&R (Dkt. No. 26) as the Order of this Court, and it is

**ORDERED** Respondent's motion for summary judgment is **granted**.

**Certificate of Appealability**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4 th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 25, 2010
Charleston, South Carolina